UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
KYLE PERRY,                      )
                                 )
     Petitioner,                 )
                                 )
v.                               )     CV423-044
                                 )
TIMONTHY WARD,                   )
COMMISSIONER,                    )
                                 )
     Respondent.                 )
```

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Kyle Perry filed the instant petition pursuant to 28 U.S.C. § 2254. *See generally* doc. 1. He has paid the required filing fee. *See* doc. 2 (Deficiency Notice); *see also* docket entry dated Mar. 6, 2023. As discussed below, since it appears from the face of his Petition that it is unexhausted it should be **DISMISSED**.[1] *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition

---

[1] Perry's Petition names the former Commissioner of the Georgia Department of Corrections as the Respondent. *See* doc. 1 at 1. The proper respondent in a § 2254 petition is "the state officer who has custody," of the petitioner. Rule 2(a), Rules Governing § 2254 Cases. The Court might grant him an opportunity to amend to name his custodian as respondent. *See Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007) (citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973)). Since, as discussed below, it is clear that the grounds asserted in Perry's Petition are unexhausted, the issue of naming the proper respondent is moot.

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Perry is explicit that he has failed to exhaust any ground asserted. Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). In each of the thirteen grounds that Perry asserts, he clearly alleges that the claims were not presented in a direct appeal and are currently pending in a state habeas proceeding. *See* doc. 1 at 5-29. Perry must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c)

(emphasis added).² Perry's failure to exhaust state remedies, therefore, warrants dismissal of his petition.

Perry does acknowledge, if only implicitly, the exhaustion requirement. He alleges that he filed a state habeas petition in Wheeler County Superior Court on August 24, 2021. *See, e.g.,* doc. 1 at 3. He is also clear that that petition was "pending" when he filed the instant Petition. *Id.* He alleges, in a substantially conclusory fashion, that the state process is ineffective due to "unreasonable delay." *See, e.g., id.* at 5. Exhaustion may be excused where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the right of the applicant." 28 U.S.C. § 2254(b). The delay that Perry alleges, approximately one and a half years, from August 24, 2021 until this Petition was filed on February 2, 2023, does not excuse his failure to exhaust the state process. That delay is far from sufficient to render the state process ineffective. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (exhaustion requirement not excused despite eight-year delay in adjudication of state habeas

---

² A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

petition). Even charitably construed, therefore, the Petition clearly indicates that there are state processes available to Perry, which preclude excusing his failure to exhaust the asserted grounds. *See, e.g., Hughes*, 780 F.2d at 1581 (noting that excusing exhaustion is appropriate "in rare instances," and "would be inappropriate . . . where the petitioner has a viable state procedure available at the same time he files his federal petition."); *Madison v. Laughlin*, 2021 WL 4395636, at *1 (S.D. Ga. May 6, 2021) (finding petitioner failed to exhaust state remedies when state habeas proceeding was pending when federal petition was filed), *adopted* 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021).

Since Perry's § 2254 petition is unexhausted it should be **DISMISSED without prejudice**.[3] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be

---

[3] Given that the grounds asserted in Perry's Petition are unexhausted, dismissal without prejudice is appropriate. *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

      **SO REPORTED AND RECOMMENDED**, this 9th day of March, 2023.

                                      _____
                                      Christopher L. Ray
                                      United States Magistrate Judge
                                      Southern District of Georgia