UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KYLE PERRY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) CV423-044 |
| DANFORTH, Warden, | ) ) ) |
| Respondent. | ) |

## **ORDER**

*Pro se* petitioner Kyle Perry filed the instant 28 U.S.C. § 2254 petition challenging his 2016 conviction for felony murder, aggravated assault, burglary, possession of a firearm during commission of a felony, and possession of a stolen firearm in Liberty County, Georgia. *See* doc. 8 at 1. The Court directed Respondent Warden Danforth to file a response. *See generally* doc. 9. The Commissioner of the Georgia Department of Corrections, Tyrone Oliver, has moved to intervene, doc. 10, responded to the Petition, doc. 11, and moved to dismiss it, doc. 12. Petitioner has not responded to the Motion to Intervene, but seeks additional time to respond substantively in support of his petition. Doc. 15

The Court must first address the Commissioner's Motion to Intervene. Doc. 10. The Motion informs the Court that the Respondent,

1

William Danforth, is Perry's present custodian. *See id.* at 1. However, Perry's present place of incarceration, Coffee Correctional Facility, "is privately owned and operated by a corporation . . . pursuant to a contract with the Georgia Department of Corrections." *Id.* at 2. This Court has previously recognized that the warden of a private prison, "is an employee of the corporation running the prison, not a state employee," and that the proper respondent was the Commissioner of the Department of Corrections, as "the officer in charge of Georgia's penal institutions." *See Clemons v. Medlin*, CV114-129, doc. 9, at 1-2 (S.D. Ga. Sept. 17, 2014). The United States District Court for the Northern District of Georgia has also found that the Commissioner is the proper respondent. *See Sands v. Medlin*, 2014 WL 6791588, at *1 (N.D. Ga. Dec. 2, 2014). Moreover, Perry's failure to respond indicates that he does not oppose the Motion. *See* S.D. Ga. L. Civ. R. 7.5. Accordingly, the Commissioner's Motion to Intervene is **GRANTED**. Doc. 10. The Clerk is **DIRECTED** to update the caption of this case to indicate that the Respondents are William Danforth, Warden, and Tyrone Oliver, in his official capacity as

the Commissioner of the Georgia Department of Corrections. *See Clemons,* CV114-129, doc. 9 at 2; *Sands,* 2014 WL 6791588, at *1.

Although the deadline for Perry to respond to the Respondents' Motion to Dismiss expired on August 9, 2023, *see* doc. 9 at 2-3, on August 15, 2023, the Clerk docketed Perry's request for additional time to respond. *See* doc. 15. The request is not dated, and it was postmarked on August 11, 2023. *See id.* at 4. The Motion states that the facility where Perry is currently incarcerated "has restricted movement . . . related to a sudden outbreak of illness." *Id.* at 1. He seeks an additional thirty days to file his response. *Id.* at 2. Although the Court cannot discern whether the Motion was submitted timely, it is satisfied that a brief extension is appropriate. *See* Fed. R. Civ. P. 6(b)(1). Perry's Motion is **GRANTED**. Doc. 15. He is **DIRECTED** to file his response to Respondent's Motion to Dismiss, doc. 12, no later than September 18, 2023.

**SO ORDERED**, this 17th day of August, 2023.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA