# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KYLE PERRY,           )
                         )
      Petitioner,        )
                         )
v.                   )        CV423-044
                         )
WILLIAM DANFORTH,   )
Warden, and TYRONE OLIVER, )
                         )
      Respondents.     )

## REPORT AND RECOMMENDATION

*Pro se* petitioner Kyle Perry filed the instant petition pursuant to 28 U.S.C. § 2254. *See generally* doc. 1. When the Court screened his original Petition, it noted that Perry conceded that he failed to exhaust available state remedies. *See generally* doc. 3, 5. In response, Perry filed several amendments to address formal defects in the Petition. *See* docs. 6 & 8. Perry argued that, although he had not exhausted, his failure should be excused because the remedies were ineffective due to unreasonable delay. *See, e.g.,* doc. 5-1 at 1-2. Respondent[1] answered,

---

[1] The Court previously granted Tyron Oliver, Commissioner of the Georgia Department of Corrections, leave to intervene in this case. *See* doc. 16. Although Warden Danforth is, or was, Perry's custodian, the Court found the Commissioner

doc. 11, and moved to dismiss, doc. 12.  Perry has responded to the Motion
to Dismiss.  Docs. 18 & 19.  The Motion is, therefore, ripe for disposition.

Respondent's brief in support of its Motion to Dismiss presents the
procedural history of Perry's challenges to his conviction.  *See* doc. 12-1
at 1-2.  Respondent states, and Perry does not dispute, that none of the
issues raised in his Petition were presented on direct appeal.  *See id.* at
4-5; *see also Perry v. State*, 847 S.E.2d 536, 537-38 (Ga. 2020) (Georgia
Supreme Court opinion affirming Perry's conviction, noting "[i]n his sole
enumeration of error, Perry claims that his [guilty] plea was not freely
and voluntarily made . . . .").  Perry filed his state petition in 2021, and it
was transferred in 2022.  Doc. 12-1 at 1.  The state habeas court
scheduled a hearing on the petition for October 25, 2023, after
Respondent's response deadline.  *Id.* at 2.  The Respondent stated that
"[a] signed copy of [the state habeas court's order] will be submitted under
a separate notice of filing when [it] is filed . . . ."  *Id.*  A copy was
subsequently submitted.  Doc. 14-1.  Perry's response does not dispute
the Respondent's presentation of events, but objects that the transfer of

---

was the proper party respondent.  *Id.* at 2.  Oliver filed the Answer and Motion to
Dismiss.  *See* docs. 11 & 12.  For simplicity, the Court refers to Oliver below simply
as "Respondent."

the state habeas proceedings "was unnecessary and without reason." Doc. 18 at 3. He also objects that the twenty-six months between the filing of his state petition and the October 2023 hearing is unreasonable. *Id.* at 5. He, therefore, contends that the federal exhaustion requirement should be excused. *Id.* at 6. In a subsequent filing, Perry states that he has been transferred again, and he speculates that the Attorney General "would surely request another transfer . . .," but does not allege that it has occurred. *See* doc. 19 at 2-3.

As this Court previously explained, *see* doc. 3 at 2-3, before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Exhaustion may be excused where "there is an absence of available State corrective process" or "circumstances exist that render such process

ineffective to protect the right of the applicant." 28 U.S.C. § 2254(b). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted," or that failure to exhaust should be excused. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994); *see also, e.g., Wakefield v. Gilmore*, 2019 WL 6918395, at *3 (W.D. Pa. Oct. 8, 2019); *Harris v. Owens*, 2013 WL 6230624, at *4 (M.D. Ga. Dec. 2, 2013).

The chronology of the proceedings in the state courts are simply not significant enough to excuse the exhaustion requirement. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (affirming dismissal for failure to exhaust, despite "eight-year delay in the state's ruling" on the habeas petition, and noting that excusing exhaustion is appropriate "in rare instances," and "would be inappropriate . . . where the petitioner has a viable state procedure available at the same time he files his federal petition."); *Ried v. Nail*, 2022 WL 1397194, at *1-*2 (M.D. Ga. Mar. 17, 2022) (six-year delay was "troubling," but not sufficient to excuse exhaustion); *Madison v. Laughlin*, 2021 WL 4395636, at *1 (S.D. Ga. May 6, 2021) (finding petitioner failed to exhaust state remedies where state habeas proceeding was pending when federal petition was

4

filed), *adopted* 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021). *Cf. Veal v. Brown*, 2011 WL 4543895, at *2 (M.D. Ga. Sept. 8, 2011) (finding delay of "more than twelve years in reaching post-conviction motions" was insufficient to excuse failure to seek state habeas relief before filing federal petition). As this Court has explained, "even after a long delay has passed, if it is clear that the state court has awakened to its duties and that visible progress toward disposition of the case is being made, the federal court should typically require the petitioner to complete the available state procedures before bringing his claims in a federal habeas petition." *Sloan v. Chapman*, 2011 WL 6003831, at *4 (S.D. Ga. Sept. 13, 2011). Respondent's presentation of the procedural history of Perry's state petition, which he does not dispute, establishes that "visible progress" is being made in the state system. Despite his frustration with the state court's timing, Perry has failed to show that the delay in question is sufficient to excuse his failure to exhaust.

Respondent notes that, despite failing to present any of grounds asserted in his Petition to the state courts, "the claims raised in [G]rounds 1 and 3 are technically exhausted by virtue of their being procedurally defaulted under O.C.G.A. § 9-14-48(d), as they were not

raised and the trial level and on direct appeal in order to preserve them for merits review." Doc. 12-1 at 5. Given Respondent's concession that Grounds One and Three are exhausted, even if only "technically," and given the Court's recommendation above that the remaining grounds are unexhausted and that Perry has failed to show that the failure should be excused, his Petition is properly characterized as a "mixed" petition."

The Supreme Court has recognized that the interaction of the exhaustion requirement and the Antiterrorism and Effective Death Penalty Act ("AEDPA") create a problem for federal petitions asserting a mix of exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). The Court explained that the solution to the problem was for the district court, "rather than dismiss the mixed petition . . . , [to] stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275. However, such a procedure "should be available only in limited circumstances[,]" when the Court finds "there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and those claims are not "plainly meritless." *Id.* at 277. "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a

mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The United States District Court for the Middle District of Georgia confronted a mixed petition in circumstances strikingly similar to this case. *See generally Nolley v. Williams*, 2018 WL 11267140 (M.D. Ga. May 25, 2018). The petitioner filed his federal petition while his state habeas petition was till pending. *See id.* at *4. As here, "[p]etitioner . . . repeatedly admitted [his failure to exhaust the state habeas process] . . . and only filed his federal habeas petition because his state petition had been pending for over two years." *Id.* The Middle District found, as recommended above, that the "two year delay has not rendered the state habeas process ineffective, and does not waive the exhaustion requirement." *Id.* In that case, the petitioner had exhausted one of his claims by presenting it on direct appeal. *Id.* at *3. Because the petition was "mixed," the court proceeded to consider whether to dismiss it or stay and hold it in abeyance. *Id.* at *5.

The Middle District first considered whether there was any risk that, if the petition were dismissed without prejudice, any subsequent petition would be time barred. *Nolley*, 2018 WL 11267140, at \*5. Since the Georgia Supreme Court granted Perry an out-of-time appeal, his conviction did not become final until the time for him to appeal the disposition of that appeal to the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); *see also, e.g., Howard v. Boyer*, 2019 WL 943397, at \*2 (M.D. Ga. Feb. 26, 2019) ("Typically, a state court's grant of out-of-time direct appeal reopens the finality of the conviction and resets the statute of limitations."). Since Perry's conviction was affirmed on August 24, 2020, *see Perry*, 847 S.E. 2d at 546; *see also* doc. 8 at 2, his conviction became final ninety days later, *see, e.g., Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). His conviction became final for purposes of the applicable statute of limitations on November 23, 2020.[2] The one-year period to file his federal petition was tolled on August 24, 2021, when he filed his state petition.

---

[2] The ninetieth day after the Georgia Supreme Court's August 24, 2020 opinion was Sunday, November 22, 2020. Under the Supreme Court's Rules, the time for filing a petition for *certiorari* was automatically extended until Monday November 23, 2020. *See* U.S. Sup. Ct. R. 30.1.

*See* doc. 12-1 at 1; *see also, e.g.,* 28 U.S.C. § 2244(d)(2). Since his state petition remains pending, the federal limitations period remains tolled. *See, e.g., Day v. Chatman,* 130 F. App'x 349, 350-51 (11th Cir. 2005); *Cromartie v. Warden,* 2014 WL 7384132, at *4 (M.D. Ga. Dec. 29, 2014) ("AEDPA's statute of limitations was statutorily tolled . . . until the trial court received the Georgia Supreme Court's remittitur.") (citation and quotations omitted). There does not appear, therefore, to be any potential time bar to Perry's filing a subsequent federal habeas petition when he has exhausted the state habeas process.

Since the time for Perry to file his federal petition has not been exhausted, "[d]ismissing [his] federal petition would not create a potential time bar of a subsequent federal petition, therefore, a stay and abeyance is not appropriate." *Nolley,* 2018 WL 11267140, at *5 (citing *Rhines,* 544 U.S. at 275; *King v. Chase,* 384 F. App'x 972, 975 (11th Cir. 2010)). Moreover, as in *Nolley,* "[t]he state court's alleged . . . delay in ruling on Petitioner's state habeas, by itself, does not qualify as good cause[, and a] lack of good cause alone is sufficient to deny a stay-and-abeyance." *Id.* (citing, *inter alia.*, *Pruitt v. Jarriel,* 2008 WL 4660958 (S.D. Ga. Oct. 21, 2008)). Since the Court cannot find that a stay-and-

abeyance is appropriate, Perry's mixed petition should be dismissed without prejudice.

Accordingly, since Perry's § 2254 petition is unexhausted and he has not shown sufficient grounds to excuse his failure, Respondent's Motion to Dismiss should be **GRANTED**, doc. 12, and his Amended Petition should be **DISMISSED without prejudice**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 22nd day of January, 2024.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia